UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES RUSSELL ENGINEERING WORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLEAN FUELS, LLC, PROMETHEUS ENERGY COMPANY, AND JAMES R. GILES, <br><br> Defendants. | Case No. C08-1427 MJP <br><br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 23.) After reviewing the motion, Plaintiff's response (Dkt. No. 30), and the balance of the record, the Court GRANTS in part and DENIES in part for the reasons set forth below.

**Background**

In 2002 and 2003, Defendant Clean Fuels, LLC ("Clean Fuels") contracted with Plaintiff James Russell Engineering Works, Inc. ("Russell") for the purchase of two liquid natural gas trailers to be used by Clean Fuel's customer, Pacific Gas & Electric Company ("PG&E"). Defendant James R. Giles was the president of Clean Fuels at the time of the negotiations. (Dkt. No. 24 at 1.) Defendant Prometheus Energy Company ("Prometheus") is a Washington

ORDER ON MOTION FOR SUMMARY JUDGMENT — 1

corporation that acquired Clean Fuels in March of 2006. (Dkt. No. 23 at 2.)

Russell is a Massachusetts corporation. (Dkt. No. 1-3 at 5.) At the time of the negotiations between Russell and Clean Fuels, Clean Fuels had its headquarters in California, and an agent from Russell traveled to California to review the design specifications of the requested trailers. (Dkt. No. 24 at 1.) After accepting a purchase order from Clean Fuels, Russell constructed two trailers, which were delivered to California. (Dkt. No. 24 at 2.) Russell then sent four invoices to Clean Fuels: (1) an invoice for the first trailer in the amount of $314,200, dated February 25, 2004 (Dkt. No. 24 at 5); (2) an invoice for the second trailer in the amount of $309,900, dated March 30, 2004 (Dkt. No. 24 at 6); (3) an invoice for the Federal Excise Tax on the first trailer in the amount of $37, 704, dated February 27, 2004 (Dkt. No. 24 at 7); and (4) an invoice for the Federal Excise Tax on the second trailer in the amount of $37,188, dated March 30, 2004 (Dkt. No. 24 at 8). Clean Fuels paid only the invoice for the first trailer. (Dkt. No. 24 at 2.)

Due to non-payment, Russell filed a complaint against Defendants for breach of contract, promissory estoppel, breach of the duty of good faith, deceit, and consumer protection act violations in Massachusetts Superior Court on May 2, 2008. (Dkt. No. 30 at 3.) Defendants removed the case to the United States District Court for the District of Massachusetts, which transferred the action to the Western District of Washington on a motion to change venue. (Id.) Defendants now bring this motion for summary judgment requesting dismissal of all claims.

**Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On review, the Court must view the underlying facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and summary judgment is not warranted if a material issue of

fact exists for trial, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).  "Summary judgment will not lie if ... the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**Discussion**

1. Choice of Law

Because this action is before the Court on diversity jurisdiction, the Court must apply Washington choice-of-law provisions to determine which state's law applies to Plaintiff's state law claims. Stud v. Trans International Airlines, 727 F.2d 880, 881 (9th Cir. 1984) (citing Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496–97 (1941)).  In contract actions where the contract contains no choice-of-law provisions, Washington law requires that "the validity and effect of a contract [be] governed by the law of the state having the most significant relationship with the contract." Mulcahy v. Farmers Ins. Co., 152 Wn.2d 92, 100 (Wash. 2004) (internal quotation marks and citation omitted).  To determine the state with the most significant relationship with the contract, the Court must consider the following factors: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the place of incorporation and place of business of the parties.  Id.

The parties negotiated the sale of the trailers in California when Russell's agent, Dave Hahn, traveled to California.  (Dkt. No. 24 at 1.)  The purchase orders for the trailers originated in California, and the invoices for the trailers were received in California.  (Dkt. No. 24 at 2.)  The trailers were ultimately delivered to California for use in California.  (Dkt. No. 24 at 2.)  Defendant Clean Fuels was headquartered in California at the time of the sale, and Defendant Giles was and is a resident of California.  (Dkt. No. 24 at 1.)  Because these circumstances demonstrate that California is the state with the most significant relationship with the contracts at issue, the Court must apply California law to Plaintiff's claims.

Plaintiff contests the application of California law and accuse Defendants of forum-

ORDER ON MOTION FOR SUMMARY JUDGMENT — 3

shopping, yet provides no convincing argument for the application of any other state's law. (See Dkt. No. 30 at 1–3, 8.) Plaintiff primarily relies on Defendants' language in the motion to change venue filed in Massachusetts, representing that "the goods involved, and all parties involved, other than the Plaintiff Corporation itself, are present in the Western United States, mostly in the state of Washington." (Dkt. No. 30 at 3.) Plaintiff fails to acknowledge that Defendant Prometheus's acquisition of Clean Fuels in 2006 does not alter the circumstances of the original contract negotiations and performance, which occurred in California. Although Defendant Prometheus is a Washington corporation, the contracting activity at issue occurred in California, and California law must be applied to Plaintiff's claims.

2. Statute of Limitations

Plaintiff's claim for breach of contract must be dismissed because Plaintiff failed to bring its claim within the time-period allowed by statute. California law states that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued[,]" and "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Cal. U. Com. Code § 2725. Additionally, "there can be no actual breach of a contract until the time specified therein for performance has arrived." Taylor v. Johnston, 15 Cal. 3d 130, 137 (Cal. 1975).

The unpaid invoices are dated February 27, 2004 and March 30, 2004, and the record indicates that the invoices constitute final billing for the trailer and excise taxes. (See Dkt. No. 24 at 6–8.) To determine the time specified for performance of these contracts, the Court must examine the contents of the invoices, which offer two important facts: (1) under the title "Terms," Russell inserted "net 30 days"; and (2) Russell included the following language in the contracts: "this invoice is subject to a finance charge of one and a half percent per month if unpaid after thirty days from invoice date." (Id.) Russell's President, David Hahn, admits in his declaration that payment on the invoices was due within thirty days. (Dkt. No. 30-2 at 5.) Based on this representation and the language in the contracts, the Court concludes that the time

ORDER ON MOTION FOR SUMMARY JUDGMENT — 4

specified for payment of the invoices was thirty days, and Russell's breach of contract claims accrued on March 29, 2004 and April 30, 2004, after the thirty days allowed for payment had passed. Applying the four-year statute of limitations, Russell was required to bring any action for breach of these contracts by March 29, 2008 and April 30, 2008. Russell filed this action outside the limitations period, on May 2, 2008.

Russell asks this Court to apply the doctrine of equitable tolling to its claims, thereby allowing the action to go forward despite its tardy filing. Equitable tolling is applicable only when a plaintiff can demonstrate that it: (1) has diligently pursued its rights; and (2) some "extraordinary circumstance" prevented it from bringing a timely claim. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Plaintiff has failed to establish either element.

Russell asserts that "[t]he defendants acted in bad faith by refusing to pay Russell even after repeated inquiries[,]" contending that it "finally filed suit when it became clear that it was getting the 'runaround' from the defendants." (Dkt. No. 30 at 6–7.) Russell repeatedly admits that it "made numerous requests to Clean Fuels, Prometheus and Giles personally seeking payment . . . ." (Dkt. No. 30 at 7.) These representations indicate that Russell was on notice of the alleged breach through much of the four-year statutory period and still failed to bring a timely claim. Defendants' refusal to pay the invoices constitutes the alleged breach of the parties' contract and cannot be considered an "extraordinary circumstance" that prevented Russell from filing this action. If anything, Defendants' repeated refusals to pay should have prompted Russell to seek its remedy earlier.

Russell offers no explanation for its delay in filing suit. Prometheus acquired Clean Fuels more than two years before the statutory period expired, and Russell admits that it engaged in "months of protracted discussions [with Prometheus and Defendant Giles] and failed attempts to resolve this dispute . . . ." (Dkt. No. 30 at 3.) This fact only bolsters Defendants' statute of limitations arguments as Russell does not explain why it waited over four years to file the claim in the face of early and repeated indications that the parties were unlikely to resolve the dispute

on their own.

California's civil statutes of limitations were enacted to protect defendants from the necessity of defending stale claims and to ensure that plaintiffs pursue their claims diligently. Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1112 (Cal. 1988). Plaintiff's failure to file a timely claim in this action cannot be viewed as a diligent pursuit of Russell's rights, and Russell has offered no "extraordinary circumstance" that prevented it from filing a claim for breach of contract within the statutory period. Because Russell has not shown that it is entitled to equitable tolling, its breach of contract claim is barred by the applicable four-year statute of limitations.

Plaintiff's claims for promissory estoppel and breach of the covenant of good faith and fair dealing are also untimely and barred by the statute of limitations. Under California law, these claims are actions "upon any contract, obligation or liability founded upon an instrument in writing," and are therefore subject to a four-year statute of limitations. Cal Code Civ Proc § 337; see also Diorio v. Coca-Cola Co., No. 08-CV-00418-H (CAB), 2009 U.S. Dist. LEXIS 14176 at *4 (S.D. Cal. Feb. 24, 2009) (applying four-year statute of limitations to related claims for breach of contract, promissory estoppel, and breach of implied covenant of good faith and fair dealing).

The Court therefore grants Defendants' motion for summary judgment on Counts I through III of the Complaint.

3. Deceit

In Count IV, Plaintiff brings a claim for deceit against Defendant Giles, alleging that Giles "represented . . . that he would be personally responsible for Clean Fuels' obligations to [Russell]," and that "Defendant Giles knew or had reason to know that these representations were false when made. . . ." (Dkt. No. 1-3 at 9.) Actionable deceit exists where a promise is made "without any intention of performing it." Cal. Civ. Code §§ 1572(1), 1710(4). Under California law, the elements of fraud, which give rise to the tort action for deceit, are (a)

ORDER ON MOTION FOR SUMMARY JUDGMENT — 6

misrepresentation; (b) knowledge of falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. Lazar v. Superior Court, 12 Cal.4th 631, 638 (Cal. 1996).

Defendants argue that Plaintiff's deceit claim should be dismissed on the merits or as untimely under California's three-year statute of limitations for claims based on fraud. Cal. Code. Civ. P. § 338. Yet disputed facts remain as to whether Defendant Giles ever made the alleged false promises. There is no evidence in the record indicating when the alleged false promises were made and relied on by Russell – Mr. Giles' declaration states only that he made no such representations "at the time of sale" – and disputed facts remain as to whether Russell suffered harm from the alleged fraud. (Dkt. No. 24 at 3.) A cause of action based on fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Id. Because the record does not indicate when Russell could have discovered the alleged false promises through the exercise of reasonable diligence, Defendants have not met their burden on summary judgment. See Sun 'n Sand, Inc. v. United California Bank, 21 Cal. 3d 571, 701 (Cal. 1978).

4. Consumer Protection Act

Plaintiff provides no substantive response to Defendants' arguments for dismissal of Count V of the Complaint, and instead addresses the Count in a single sentence: "[T]he court needs to determine whether the conduct at issue rises to the level of unfair and deceptive trade practices under Massachusetts General Laws Chapter 93A." (See Dkt. No. 30 at 7–8.) Failure to respond to a motion for summary judgment "may be considered by the court as an admission that the motion has merit." Local Civil Rule 7(c)(2).

Plaintiff has asserted its claim for violation of a consumer protection act under Massachusetts law, however, Washington choice of law principles require application of California law because the parties' contractual dealings had the most significant relationship with California. See Mulcahy, 152 Wn.2d at 100. Claims under California's Consumer Legal Remedies Act ("CLRA") are subject to a three-year statute of limitations from the time the cause

of action accrues. Cal Civ Code § 1783; <u>Meyer v. Sprint Spectrum L.P.</u>, 45 Cal. 4th 634, 644 (Cal. 2009). The limitations period "has been interpreted to run from the time a reasonable person would have discovered the basis for a claim." <u>Meyer</u>, 45 Cal. 4th at 633 (internal citation and quotation marks omitted). Plaintiff's underlying allegations in support of the CLRA claim involve nonpayment of three invoices, and, as discussed above, claims based on these circumstances accrued on March 29, 2004 and April 30, 2004. Because Plaintiff's CLRA claim was filed more than four years after the cause of action accrued, it is barred by statute and must be dismissed.

**Conclusion**

Because Plaintiff failed to file this action within the applicable statutory period, its claims for breach of contract, promissory estoppel, breach of the covenant of good faith, and violation of the consumer protection act are dismissed as untimely. Plaintiff's fraud claim for deceit against Defendant Giles survives this motion because disputed issues of material fact remain.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: August 3, 2009

*[signature]*

Marsha J. Pechman
U.S. District Judge

ORDER ON MOTION FOR SUMMARY JUDGMENT — 8